**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL FLORES, as Personal**
**Representative of the Estate of**
**LUNAY FLORES, deceased,**                    **CASE NO:**

      **Plaintiff,**

**vs.**

**NAPHCARE, INC.,**

      **Defendant.**

                               /

**NOTICE OF REMOVAL AND**
**INCORPORATED MEMORANDUM OF LAW**

Defendant NAPHCARE, INC., by and through undersigned counsel, gives notice of the removal to this Court of the case styled *Paul Luis Flores as Personal Representative of the Estate of Lunay Ann Flores, deceased v. Naphcare, Inc*. Case No.21-CA-007038, filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. As grounds for this removal, NAPHCARE, INC. states the following:

1.      Plaintiff PAUL FLORES brings this action against NAPHCARE, INC. The action was originally filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2.    In the operative Complaint, filed on August 30, 2021, the Plaintiff purports to assert multiple federal claims against the Defendant.

3.    Count II of the Complaint purports to allege federal claims. Plaintiff alleges violations of Federal Constitutional rights 42 U.S.C. §1983 and §1988.

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws or treatises of the United States.

5.    Additionally, this Court has original jurisdiction over this action under 28 U.S.C. § 1343(a)(3) as this is a civil action to redress the alleged deprivation, under color of state law, of rights secured by the Constitution.

6.    Plaintiffs have also alleged a claim under Florida law in Count I of the Complaint. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). This state law claim is so related to the claims under which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.

7.    This Notice of Removal is filed with this Court within thirty (30) days of receipt of Plaintiff's' Complaint – the first "paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

2

8.   There are no other defendants in this action and therefore consents to removal to federal court are moot.

9.   Venue is proper in the Tampa Division of the Middle District of Florida because the case is being removed from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *See* 28 U.S.C. 1441(a) and 1446(a).

10.   NAPHCARE, INC. has filed a Notice of Filing Notice of Removal with the Clerk of Court for the Circuit Court in and for Hillsborough County, Florida, pursuant to 28 U.S.C. § 1446(d).

11.   Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), and Middle District of Florida Local Rule 1.06(b), copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the state court are being filed concurrently herewith.

## MEMORANDUM OF LAW

### I.   Background

Plaintiff's claims arise from allegations of medical negligence, deprivation of decedent's 8th and 14th Amendment rights pursuant to 42 U.S.C. §1983 and attorneys fees as provided in 42 U.S.C. §1988.

### II.   Operative Complaint

Count I includes claims under Florida law. Count II alleges claims pursuant to federal law.

### III.   Federal Question Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Section 1331 and the pertinent parts of § 1343 state as follows:

> § 1331. Federal question.
>
> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.
>
> § 1343. Civil rights and elective franchise.
>
> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:…
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

Because Count II of the pending Complaint alleges federal claims against the Defendant, this Court has original jurisdiction of this action.

### IV.   Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. § 1441. That provision states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

4

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).      Given that this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), this case may be removed from pursuant to 28 U.S.C. § 1441.

Defendant NAPHCARE, INC. is filing this Notice of Removal which complies with the requirements of 28 U.S.C. § 1446(a) by setting forth a short and plain statement of the grounds for removal. Additionally, and pursuant to Local Rule 1.06(b), copies of all process, pleadings, orders served upon such defendant, and other papers or exhibits of every kind currently on file in the state court are being provided to the Court and filed concurrently herewith. Moreover, there are no other defendants to this action and therefore a consent for removal is not applicable pursuant to 28 U.S.C. § 1446(b)(2)(A).

## V.    Timeliness of Removal

A notice of removal of a civil action must be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. 28 U.S.C. § 1446(b)(1). Alternatively, the notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

5

the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). This Defendant was served with Plaintiff's Complaint on September 7, 2021. Accordingly, this Notice of Removal is timely.

### VI.    Supplemental Jurisdiction over State Law Claims.

Pursuant to 28 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

Plaintiff has alleged a state law claim in Count I. This Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a). That claim arises from the exact same factual circumstances that form the basis for the federal claims. The state law claim is therefore so related to the claims under which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. Accordingly, the Defendant requests that this Court accept supplemental jurisdiction as to the state law claims set forth in Plaintiff's Complaint.

**WHEREFORE**, Defendant NAPHCARE, INC., removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to this Honorable Court and respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

**I HEREBY CERTIFY** that on September 27, 2021, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system, and a true and correct copy was provided via electronic mail to Michael Trentalange, Esq. and Gregory J. Hoag, Esq., Trentalange & Kelley, P.A., 218 N. Dale Mabry Highway, Tampa, FL  33609.

/s/ S, Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQ.
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel:  407-422-4310/Fax:  407-648-0233
RLundy@drml-law.com
BrittanK@drml-law.com
Denise.Covert@drml-law.com
Attorneys for Defendant