IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

PAUL LUIS FLORES, as Personal
Representative of the Estate of
LUNAY ANN FLORES, deceased,

        Plaintiff,

v.

        Case No.:
        Division:

NAPHCARE, INC.,

        Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff PAUL LUIS FLORES, as Personal Representative of the Estate of LUNAY ANN FLORES, deceased, sues defendant NAPHCARE, INC. ("NAPHCARE"), and alleges:

**Preliminary Allegations**

1. This is an action for damages that exceed $30,000.00.

2. Plaintiff PAUL LUIS FLORES is the Personal Representative of the Estate of LUNAY ANN FLORES, deceased. A copy of the letters of administration is attached hereto as Exhibit "A."

3. The potential beneficiaries of the estate are:

    (a) Paul Luis Flores; surviving spouse;
    (b) Paul Luis Flores, Jr., minor child;
    (c) Brianna A. Flores, minor child; and
    (d) the Estate of Lunay Ann Flores, deceased.

4. At all times material hereto, Defendant NAPHCARE was the contract medical provider at the Hillsborough County Jails in Hillsborough County, Florida.

5. At all times material hereto, the Hillsborough County Sheriff maintained the legal obligation and duty to provide appropriate medical care to pretrial detainees and prisoners at each of the Hillsborough County Jails.

6. At all times material hereto, the Hillsborough County Sheriff has contracted with defendant NAPHCARE to provide medical services and management to inmates and detainees in his care, custody, and control. Plaintiff is not in possession of the contract, but believes in good faith that said contract is in the possession of defendant NAPHCARE.

7. By virtue of its contract with the Hillsborough County Sheriff to furnish medical services and management to inmates and

detainees of the Hillsborough County Jail, all acts and omissions of NAPHCARE'S employees were carried out under color of law.

8. Plaintiff has complied with the presuit notice and investigation provisions of Chapter 766, Fla. Stat. and all conditions precedent to the institution of this action have been satisfied or have occurred.

9. Pursuant to §766.104, Fla. Stat., a reasonable investigation has been conducted as to the matters alleged herein, and it has been determined that there are grounds for a good faith belief that there was negligence in the care and treatment of LUNAY ANN FLORES, and that grounds exist for the filing of this action against NAPHCARE.

## COUNT I
### *(Medical Negligence/Respondeat Superior)*

10. Plaintiff realleges paragraphs 1 though 9 as if set forth fully herein.

11. LUNAY ANN FLORES was arrested on 23 December 2018, taken into custody, and transported to the Falkenburg Road Jail in Hillsborough County, Florida, where she was involuntarily

confined. At all material times, LUNAY ANN FLORES was in the care, custody and control of the Hillsborough County Sheriff's Office and NAPHCARE was tasked with addressing her medical services and medical management, along with all other inmates.

12. From the moment of her medical screening during the booking process and throughout her period of incarceration, NAPHCARE and its health care employees owed LUNAY ANN FLORES a duty of reasonable care as their patient.

13. Forty-four year old LUNAY ANN FLORES was brought to Tampa General Hospital by the Hillsborough County Sheriffs Office on 12 January 2019. On admission, LUNAY ANN FLORES was noted to have altered mental status, no oral intake for 3 days and renal failure.

14. LUNAY ANN FLORES had a history of benzodiazepine and opiate detoxification and had been in custody of the Hillsborough County Sheriffs Office since 23 December 2018. Other than one laboratory report (which TGH records suggest was from 9 January 2019), no medical records accompanied the patient to the

4

hospital, and per the Tampa General record could not provide any history herself.

15. Laboratory studies obtained days before LUNAY ANN FLORES' presentation to TGH reported a creatinine level of 9 with a BUN of 196; an elevated anion gap, metabolic acidosis, and hyperkalemia. Laboratory studies in the emergency room reveal a bicarbonate of 5, anion gap 32, pH 7.11, potassium 5.6, phosphorus 11.7, uric acid 19.4, BUN 224 and creatinine 10.4. Laboratory studies in the emergency room on 12 January 2019 revealed a bicarbonate of 5, an anion gap of 32, pH 7.11, potassium 5.6, phosphorus 11.7, uric acid 19.4, BUN 224 and creatinine 10.4.

16. LUNAY ANN FLORES was profoundly ill for several days prior to her presentation at and admission to Tampa General on 12 January 2019, yet her signs and symptoms of serious illness were negligently and carelessly ignored.

17. On 11 January 2019, LUNAY ANN FLORES presented to the clinic at the Hillsborough County Jail after deputies noted that she was not eating. The patient was complaining of ear pain and,

5

according to the record repeatedly stated "'I tried to tell you guys yesterday, my ear hurts really bad' to nearly every question." Records indicated that LUNAY ANN FLORES was very disoriented, responding to a mini mental status assessment that she believed it was 1974. In response to this dramatic presentation, LUNAY ANN FLORES was not treated appropriately; rather, she was documented to be malingering.

18. LUNAY ANN FLORES displayed signs and symptoms while in custody at the Hillsborough County jail that should have alerted everyone who came into contact with her that she was not well and that she needed to be sent to the hospital immediately. Her BUN levels reflect profound dehydration - which did not arise all of a sudden but occurred over several days to a week of severely reduced or no fluid intake.

19. The Hillsborough County Medical Examiner determined that Ms. Flores died of Metabolic Encephalopathy due to Acute Renal Failure with Uremia due to Dehydration and Inanition.

20. The acts and omissions set out above constitute

6

breaches of the prevailing professional standard of care, skill, and treatment which in light of all relevant surroundings circumstances, is recognized as acceptable and appropriate by reasonably careful and similarly trained health care providers.

21. As a direct and proximate result of the above negligence, LUNAY ANN FLORES died.

22. As a result of her death:

(a) PAUL LUIS FLORES, surviving spouse, suffered a loss of support and services, in the past and in the future, loss of the decedent's companionship and protection, and mental pain and suffering from the date of injury;

(b) PAUL LUIS FLORES, JR., minor child of the decedent, suffered a loss of parental companionship, instruction, and guidance and mental pain and suffering from the date of injury.

(c) BRIANNA A. FLORES, minor child of the decedent, suffered a loss of parental companionship, instruction,

7

and guidance and mental pain and suffering from the date of injury, and

(d)  the ESTATE OF LUNAY ANN FLORES, deceased, suffered funeral expense.

WHEREFORE Plaintiff demands judgment for damages against NAPHCARE, together with costs and such other and further relief as this court may deem proper. **Plaintiff demands trial by jury on all issues.**

## COUNT II
### (42 U.S.C. §1983, §1988)

23.  This is an action brought pursuant to 42 U.S.C. § 1983 for deprivation of LUNAY ANN FLORES' 8th and 14th Amendment rights to be free from cruel and unusual treatment while in custody and for attorneys fees as provided in 42 U.S.C. §1988.

24.  Plaintiff realleges paragraphs 2 through 7 as if set forth fully herein.

25.  At all times mentioned herein, NAPHCARE employed the medical director at the Hillsborough County Jail as well as all

8

nurses, CNAs, LPNs, and other healthcare providers at Hillsborough County Jail.

26.  At all times mentioned herein, NAPHCARE was contractually obligated to provide personnel, medical management, and health care services to the inmates at the Hillsborough County Jail, including LUNAY ANN FLORES.

27.  At all relevant times preceding the death of LUNAY ANN FLORES, employees and agents of NAPHCARE were aware that the only way that LUAY ANN FLORES would receive medical treatment that they knew she needed for her serious health condition was to receive care outside of the Hillsborough County Jail.  These employees and agents include, but are not limited to, the following individuals: Ashley Kutscher, L.P.N.; Kihana Foreman, R.N.; Florence Young, L.P.N.; Elba Melendez, R.N.; Yvette Ngueneba, R.N.; Autumn Benedict, R.N.; Christina Helbing, R.N.; Ghyslene Donatien, L.P.N.; Erika Hall, N.P.; Christina Helbing, R.N.; Unha Napoli, N.P.;Romuald Delacroix, N.P.; Fode Ogaga, N.P.; Lena Burton, L.P.N.; Cortnie Brown L.P.N.; Dezeray Caiati,

9

M.H.C.; Katherine Cedeno, L.P.N.; Alyssa Angelini, R.N.; Lena Burton, L.P.N.; Nicole Pena, M.H.C.; and Carolanne Bastien, R.N.

28. At all times mentioned herein, while LUNAY ANN FLORES was confined at the Hillsborough County Jail, NAPHCARE had the duty to provide proper and reasonable medical care to her.

29. While LUNAY ANN FLORES was confined at the Hillsborough County Jail, NAPHCARE and its employees had the duty to approve consultations or outside medical care for LUNAY ANN FLORES and they operated under the policies and procedures set in place and required of them by NAPHCARE.

30. Upon information and belief, such policies and procedures included, but are not limited to, practices of denying medically necessary consults and "outside of jail" care and treatment to inmates at Hillsborough County Jail in an unreasonable and deliberate manner.

31. While LUNAY ANN FLORES was incarcerated at Hillsborough County Jail, employees or contractors of NAPHCARE,

10

acting with deliberate indifference to LUNAY ANN FLORES' serious medical needs, deliberately denied her reasonable medical care in accordance with NAPHCARE'S policy and practice by which transfers of inmates outside the jail for the receipt of medical care were greatly discouraged. This policy was implemented and enforced despite NAPHCARE'S actual knowledge that the policy and practice killed people and would continue to kill or seriously injure people, including LUNAY ANN FLORES.

32. NAPHCARE knew or should have known that the denial of reasonable medical care to LUNAY ANN FLORES would result in severe injury or death.

33. As a direct and proximate result of the above wrongful acts, LUNAY ANN FLORES suffered the following injuries and damages:

> (a) Violation of her constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment and a violation of her rights to equal protection as he was denied, with deliberate indifference, medical treatment that was medically necessary to treat LUNAY ANN FLORES' serious medical condition.

11

(b) Physical pain and suffering, personal injuries, and emotional trauma and suffering prior to her death.

(c) After the death of LUNAY ANN FLORES,

1. PAUL LUIS FLORES, surviving spouse, suffered a loss of support and services, in the past and in the future, loss of the decedent's companionship and protection, and mental pain and suffering from the date of injury;

2. PAUL LUIS FLORES, JR., minor child of the decedent, suffered a loss of parental companionship, instruction, and guidance and mental pain and suffering from the date of injury.

3. BRIANNA A. FLORES, minor child of the decedent, suffered a loss of parental companionship, instruction, and guidance and mental pain and suffering from the date of injury, and

4. The ESTATE OF LUNAY ANN FLORES, deceased, incurred funeral expense.

34. The actions of NAPHCARE violate the clearly established and well settled federal constitutional rights to enjoy (a) Freedom from cruel and unusual punishment; and (b) the right to receive medically necessary treatment, care, surgery, and outside consultation for incarcerated individuals.

12

35. All injuries and damages sustained in connection with Plaintiff's claim under 42 U.S.C. §1983 and §1988 are alleged to have occurred because of violations of federal constitutional rights under color of law.

WHEREFORE Plaintiff demands judgment for damages against NAPHCARE, together with attorneys fees, costs, and such other and further relief as this court may deem proper. **Plaintiff demands trial by jury on all issues.**

Dated this 30th day of August, 2021.

TRENTALANGE & KELLEY, P.A.

_____
**MICHAEL J. TRENTALANGE, ESQ.**
Florida Bar No. 850942
mjt@tktampa.com; service@tktampa.com
218 N. Dale Mabry Highway
Tampa, Florida 33609
(813) 226-1080 Fax: (813) 226-1081
**Attorneys for Plaintiff(s)**

13

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA  PROBATE DIVISION

IN RE:  ESTATE OF

File No.  19-CP-003417

LUNAY ANN FLORES

Division   A

Deceased.

ORDER APPOINTING PERSONAL REPRESENTATIVE
(intestate -- single)

On the petition of PAUL LUIS FLORES for administration of the estate of LUNAY ANN FLORES, deceased, the Court finding that the decedent died on January 14, 2019; and that PAUL LUIS FLORES is entitled to appointment as personal representative pursuant to 733.301 Fla.Stat., and is qualified to be personal representative,  it is

ADJUDGED that PAUL LUIS FLORES is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing the designation and acceptance of resident agent, and entering into bond in the sum of $ 0.00 _____, letters of administration shall be issued.

ORDERED on _____, 2019.

Electronically Conformed 11/21/2019
~~Catherine Catlin~~
Circuit Judge

Copies furnished to:
GADEService@GendersAlvarez.com

Exhibit "A"